RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  8/13/07
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GEORGE A. BYNUM | DOCKET NO. 07-cv-0915 |
| VERSUS | JUDGE DRELL |
| FEDERAL BUREAU OF PRISONS | MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed on May 29, 2007, by pro se plaintiff George A. Bynum, pursuant to the provisions of 42 U.S.C. §1983 and Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff's application to proceed in forma pauperis was granted on July 10, 2007. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), and he is currently incarcerated at the United States Penitentiary in Jonesville, Virginia. Plaintiff raises allegations of cruel and unusual punishment at the United States Penitentiary in Pollock, Louisiana (USP-P). The only defendant named is the Federal Bureau of Prisons. Plaintiff seeks compensatory damages for pain and suffering as well as punitive damages. This matter

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983. See Zuspann v. Brown, 60 F.3d 1156, 1157 n. 2 (5th Cir.1995).

has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and a standing order of the court.

## STATEMENT OF THE CASE

Plaintiff alleges that on July 8, 2005, while housed in the Special Housing Unit, he was written up for assaulting Correctional Officer D. Stevens and interfering with staff in the performance of duties. According to the exhibits submitted by him, Plaintiff threw food trays, shower shoes, and plastic bottles at Officer Stevens when the officer attempted to collect Plaintiff's food trays.

The next month, on August 18, 2005, Plaintiff was assaulted by another inmate in the Special Housing Unit. Plaintiff claims that the Special Housing Unit recreational guard left the recreation yard unattended in violation of BOP policy. When the officer left, another inmate approached Plaintiff with a "pitcher of scorching hot watery oil" and dumped the substance on Plaintiff causing numerous burns.

Plaintiff alleges that he called for help, but nobody responded immediately. [Doc. #5-2, p.7] According to Plaintiff, by the time Officer David and the medical department arrived, twenty-one minutes had passed. Plaintiff was taken to the SHU hospital for first aid treatment.

Plaintiff alleges that Officer David was either neglectful, ignorant, and inattentive, or refused to respond out of malice. He further claims that Officer David conspired with another officer to set up the conditions for the assault to be committed. Plaintiff alleges that he suffered physical and emotional injuries and continues to receive treatment for post traumatic stress disorder.

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. <u>Wilson v. Barrientos</u>, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally; but, they are given broad discretion in determining when such complaints are frivolous. <u>Macias v. Raul A. (Unknown) Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir.1994). The plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. <u>Schultea v. Wood</u>, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." <u>Macias</u>, 23 F.3d at 97.

## 2. Sovereign Immunity

The principle of sovereign immunity protects the federal government from suit except when that immunity is expressly waived. <u>See</u> <u>Pena v. United States</u>, 157 F.3d 984 (5th Cir. 1998). Plaintiff's suit for monetary damages against the BOP, which is an agency of the United States, is barred by the doctrine of sovereign immunity. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 483-86 (1994) (holding that "[s]overeign immunity is jurisdictional in nature", and that

a Bivens cause of action cannot be brought against federal agency); <u>Enplanar Inc. v. Marsh</u>, 11 F.3d 1284, 1294 n. 12 (5th Cir.), cert. denied, 513 U.S. 926 (1994); <u>Williamson v. U.S. Dept. of Agriculture</u>, 815 F.2d 368, 380 (5th Cir. 1987).

Even if Plaintiff were to be given an opportunity to amend to name a proper party defendant, his claims would still be subject to dismissal for the following reasons.

### 3. Eighth Amendment

A.  Failure to Protect

Plaintiff claims that the defendants subjected him to cruel and unusual punishment by either negligently or intentionally leaving the SHU recreation yard unattended, which allowed Plaintiff to be assaulted by another inmate. The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (quoting <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-527 (1984)). "Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners." <u>Horton v. Cockrell</u>, 70 F.3d 397, 400 (5th Cir.1995). "Prison officials are not, however, expected to prevent all inmate-on-inmate violence," <u>Adames v. Perez</u>, 331 F.3d 508, 512 (5th Cir.2003), and not every injury suffered by one

prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety, Farmer, 511 U.S. at 834.

To establish liability under the Eighth Amendment, a prisoner must demonstrate both that (1) he is incarcerated under conditions posing a substantial risk of serious harm, and (2) the defendant prison official's state of mind is one of "deliberate indifference" to the prisoner's safety. Id.; Horton, 70 F.3d at 401. "Deliberate indifference" requires a showing of more than negligence or even gross negligence. See Estate of Davis v. City of N. Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005), citing City of Canton v. Harris, 489 U.S. 378, 389 (U.S. 1989).

Plaintiff alleges that he was incarcerated under conditions posing a substantial risk of serious harm in that the SHU recreation yard was left unattended by USP-Pollock officers. Plaintiff implies that, had an officer been present, he would not have been assaulted. As to the prison official's state of mind, Plaintiff claims that Officer David was *either* inattentive and neglectful in responding to Plaintiff's calls for help, *or* Officer David actually conspired with other officers to leave the yard unattended and have another inmate assault Plaintiff. To the extent that the Officer was inattentive and neglectful, Plaintiff's claim is one of negligence, which is insufficient to state a claim for relief. To the extent Plaintiff contends that Officer David

conspired with other officers and set Plaintiff up for the assault, Plaintiff's argument is conclusory and unsupported by facts.

Plaintiff presents no facts substantiating his conspiracy claim. He states that the other officers took his assault on Officer Stevens "very personally." However, he does not allege that Stevens played any part in the "set up." He does not mention any problems between himself and Officer David or any other SHU or USP-P officer. He offers no support for his conclusory allegations.

B. Delay in Receiving Medical Care

Plaintiff also complains that twenty-one minutes lapsed between the time of the assault and the time that Plaintiff received medical treatment for his injuries. In order to maintain a viable claim for delayed medical treatment there must have been deliberate indifference that resulted in harm. Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993).

As noted above, there is no evidence offered by Plaintiff that Officer David either set up the attack or failed to respond immediately to the attack. It took twenty-one minutes for Plaintiff to receive medical treatment. Even outside of prison, twenty-one minutes is not an unusually long time to wait for medical treatment. In fact, the wait at most hospitals is often longer than twenty-one minutes. Plaintiff does not complain about the quality of the medical care he received; he complains only that

he had to wait twenty-one minutes for treatment. Moreover, there is no evidence that Plaintiff was injured by the twenty minute delay or that a difference of minutes would have made a difference in the extent of Plaintiff's injuries.

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(c)) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _10th_ day of _August_, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE